## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF VIRGINIA
### Lynchburg Division

In re:

Jamie Underhill                                                                                    Case No. 16-60252-RBC

    Debtor.                                                                                       Chapter 13

### NOTICE OF HEARING ON MOTION FOR RELIEF FROM STAY

TAKE NOTICE, that FINANCE OF AMERICA REVERSE LLC a secured creditor in the above-referenced bankruptcy action, has filed with the United States Bankruptcy Court for the Western District of Virginia, Lynchburg Division, a Motion for Relief from Stay, a copy of said Motion is attached hereto.

NOTICE IS HEREBY GIVEN that a hearing on this Motion will be convened on April 21, 2016 at 9:30 AM. The hearing will be held at the United States Bankruptcy Court, Charlottesville, Room 200, US Courthouse, 255 W. Main Street, Charlottesville, VA 22902.

Plaintiff waives the 30-day limit imposed by 11 U.S.C. § 362 (e), and consents to the extension of the automatic stay imposed by 11 U.S.C. § 362 (a) beyond the thirty-day limit to the date of any preliminary hearing or final hearing scheduled on Plaintiff's Motion for Relief; provided that nothing in this consent shall be deemed to consent to the further extension of the automatic stay in the event that the stay shall otherwise be terminated under the provisions of 11 U.S.C. § 362 (c).

Sara A. John, VSB #48425
M. Richard Epps, P.C.
605 Lynnhaven Parkway
Virginia Beach, VA 23452
757-498-9600
sara_john@eppspc.com
Counsel for FINANCE OF AMERICA REVERSE LLC

FINANCE OF AMERICA REVERSE LLC

/s/ Sara A. John
Sara A. John
M. Richard Epps, P.C.

Certificate of Service

I hereby certify that on February 26, 2016, I mailed or electronically served a true copy of the foregoing Notice of Hearing to: Jamie Underhill, 1028 Cheshire Court, Charlottesville, VA 22901; Herbert L. Beskin, Trustee, P.O. Box 2103, Charlottesville, VA 22902; and Douglas E. Little, Counsel to Debtor, P.O. Box 254, Charlottesville, VA 22901.

/s/ Sara A. John
Sara A. John
M. Richard Epps, P.C.

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF VIRGINIA
### Lynchburg Division

In re:

Jamie Underhill                                             Case No. 16-60252-RBC

    Debtor.                                              Chapter 13

FINANCE OF AMERICA REVERSE LLC,

    Plaintiff,

v.

Jamie Underhill
and
Herbert L. Beskin, Trustee,

    Defendants.

## MOTION FOR RELIEF FROM STAY

To the Honorable Judges of the aforesaid Court:

Movant, FINANCE OF AMERICA REVERSE LLC ("Secured Creditor" herein), by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d), for a modification of the automatic stay provisions for cause, and, in support thereof, states the following:

1. Debtor, Jamie Underhill, filed a voluntary petition pursuant to Chapter 13 of the United States Bankruptcy Code on February 16, 2016.

Sara A. John, VSB #48425
M. Richard Epps, P.C.
605 Lynnhaven Parkway
Virginia Beach, VA 23452
757-498-9600
sara_john@eppspc.com
Counsel for FINANCE OF AMERICA REVERSE LLC

2. Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001(a), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

3. On November 25, 2013, Borrower, Michel J. Underhill, executed and delivered a Promissory Note ("Note") and Deed of Trust ("Mortgage") securing payment of the Note in the amount of $705,000.00 to Mortgage Electronic Registration Systems Inc. as nominee for American Nationwide Mortgage Company, Inc.  The Mortgage was recorded on December 3, 2013 in Book 4441 at Page 261, in the Clerk's Office of the Circuit Court, Albemarle County, Virginia.  The loan was transferred to Secured Creditor. True and accurate copies of documents establishing a perfected security interest and ability to enforce the terms of the Note are attached to the Movant's Certification as Movant's Exhibit No. 1.  The documents include copies of the Note with any required endorsements, Recorded Mortgage, Assignment of Mortgage, and any other applicable documentation supporting the right to seek a lift of the automatic stay and foreclose, if necessary.

4. The Mortgage provides Secured Creditor a lien on the real property located in Albemarle County, Virginia, and legally described as follows:

> ALL THOSE TWO CERTAIN TRACTS OR PARCELS OF LAND, WITH THE IMPROVEMENTS THEREON AND APPURTENANCES THERETO, SITUATED IN ALBEMARLE COUNTY, VIRGINIA, FRONTING ON STATE ROUTE 635 IN THE VILLAGE OF BATESVILLE, ONE OF SAID LOTS CONTAINING ABOUT ONE (1) ACRE AND THE OTHER CONTIGUOUS LOT BEING A SQUARE LOT OF APPROXIMATELY TWO HUNDRED (200) FEET BY TWO HUNDRED (200) FEET, BOTH TRACTS BEING SHOWN AS ONE PARCEL DESIGNATED PARCEL 31 ON ALBEMARLE COUNTY TAX MAP 85A, BATESVILLE INSERT.

This property is located at the street address of: 2000 Miller School Road, Batesville, Virginia 22903.

5.     The terms of the aforementioned Note and Mortgage have been in default, and remain in default since February 9, 2016.   The terms and conditions of the Note and Reverse Mortgage are in default due to Borrower's death and the subject property not being occupied as the principal residence of any surviving borrower.   Debtor is an heir of the Borrower and has a potential ownership interest in the property.

6.     As of February 18, 2016, Secured Creditor is due the following amount:

| Current Unpaid Balance | $236,618.08 |
|---|---|
| Accrued Interest on Unpaid Balance | $28,708.42 |
| MIP/PMI Balance | $18,842.02 |
| Corporate Advances | $8,351.39 |
| Total Payoff | $292,519.91 |

7.     According to Albemarle County Property Appraiser, the value of the property is $491,400.00.   See Movant's Exhibit No. 2 which is attached to the Movant's Certification and which is permissible as a property valuation under Fed. R. Evid. 803(8).

8.     As of the date of this Motion, the Debtor has not filed a Chapter 13 plan; therefore, it is unclear how the Debtor intends to treat the real property.

9.     Secured Creditor's security interest in the subject property is being significantly jeopardized by Debtor's failure to comply with the terms of the subject loan documents while Secured Creditor is prohibited from pursuing lawful remedies to protect such interest.  Secured

Sara A. John, VSB #48425
M. Richard Epps, P.C.
605 Lynnhaven Parkway
Virginia Beach, VA 23452
757-498-9600
sara_john@eppspc.com
Counsel for FINANCE OF AMERICA REVERSE LLC

Creditor has no protection against the erosion of its collateral position and no other form of adequate protection is provided.

10. If Secured Creditor is not permitted to enforce its security interest in the collateral or be provided with adequate protection, it will suffer irreparable injury, loss, and damage.

11. Secured Creditor respectfully requests the Court grant it relief from the Automatic Stay in this cause pursuant to §362(d)(1) of the Bankruptcy Code, for cause, namely the lack of adequate protection to Secured Creditor for its interest in the above stated collateral. Secured Creditor additionally seeks relief from the Automatic Stay pursuant to §362(d)(2) of the Bankruptcy Code, as the collateral is unnecessary to an effective reorganization of the Debtor's assets.

12. Should the automatic stay be lifted on this subject real estate, Secured Creditor shall have the right to foreclose pursuant to the loan documents due to the default of the terms of the Note and Mortgage.

13. Once the stay is terminated, the Debtor will have minimal motivation to insure, preserve, or protect the collateral; therefore, Secured Creditor requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(3).

14. Secured Creditor has incurred court costs and attorney's fees in this proceeding and will incur additional fees, costs and expenses in foreclosing the Mortgage and in preserving and protecting the property, all of which additional sums are secured by the lien of the Mortgage. Secured Creditor seeks an award of its reasonable attorneys' fees and costs, or alternatively, leave to seek recovery of its reasonable attorneys' fees and costs in any pending or subsequent foreclosure proceeding.

**WHEREFORE**, Secured Creditor, prays this Honorable Court enter an order modifying

the automatic stay under 11 U.S.C. § 362(d) to permit Secured Creditor to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, to waive the 14-day stay imposed by Fed.R.Bankr.P. 4001(a)(3), to seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding, and to any such further relief as this Honorable Court deems just and appropriate.

                                                    FINANCE OF AMERICA REVERSE LLC

                                                    /s/ Sara A. John
                                                    Sara A. John
                                                    M. Richard Epps, P.C.

## Certificate of Service

I hereby certify that on February 26, 2016, I mailed or electronically served a true copy of the foregoing Motion for Relief from Stay to: Jamie Underhill, 1028 Cheshire Court, Charlottesville, VA 22901; Herbert L. Beskin, Trustee, P.O. Box 2103, Charlottesville, VA 22902; and Douglas E. Little, Counsel to Debtor, P.O. Box 254, Charlottesville, VA 22901.

                                                    /s/ Sara A. John
                                                    Sara A. John
                                                    M. Richard Epps, P.C.

Sara A. John, VSB #48425
M. Richard Epps, P.C.
605 Lynnhaven Parkway
Virginia Beach, Virginia 23452
757-498-9600
sara_john@eppspc.com
Counsel for Plaintiff